IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARCELO SANDOVAL, | Case No. 4:19-cv-29 |
| Petitioner, | JUDGE JEFFREY J. HELMICK |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| MARK WILLIAMS, WARDEN, | |
| Respondent. | **REPORT & RECOMMENDATION AND ORDER** |

On January 4, 2019, petitioner Marcelo Sandoval filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Sandoval was convicted in 1999 in the Central District of Illinois of kidnapping in violation of 18 U.S.C. § 1201(a)(1), carrying in gun during a crime of violence in violation of 18 U.S.C. § 924(c), and conspiring to obtain various illegal drugs for distribution in violation of 21 U.S.C. § 864..[1] ECF Doc. 1. Sandoval's petition raises a single claim for relief, challenging his conviction for carrying a gun during a crime of violence under 18 U.S.C. § 924(c) because his kidnapping conviction under 18 U.S.C. § 1201(a) does not qualify as a "crime of violence" under § 924(c)'s elements clause or residual clause. *See* ECF

---

[1] Sandoval's petition indicates that he was at the time he filed his petition housed at FCI Elkton in Lisbon, Ohio. ECF Doc. 1. A search for Sandoval on the Bureau of Prison's ("BOP") inmate locator indicates that he is no longer in BOP custody. *See* Inmate Search for No. 11659-424, https://www.bop.gov/inmateloc/ (last visited Dec. 30, 2019). Instead, it appears that Sandoval may be in the custody of the U.S. Marshal Service and awaiting resentencing in his underlying criminal case in the Central District of Illinois. *See* CM/ECF for C.D. Ill. Case No. 4:99-cv-40019, Order Dated Dec. 4, 2019 (scheduling a resentencing hearing in the Central District of Illinois for January 22, 2020).

Doc. 1 at 6-7. Since filing his petition, Sandoval has filed: (1) a motion to supplement his petition with references to the U.S. Supreme Court's decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013); and (2) a motion to supplement his petition with a reference to the U.S. Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (Apr. 17, 2019). ECF Doc. 3; ECF Doc. 7.

On September 16, 2019, Sandoval filed an application for leave to file a second or successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, raising an identical claim to the one raised in his petition before this court and motions to supplement. *Compare* ECF Doc. 1, ECF Doc. 3, ECF Doc. 7, *with* CM/ECF for 7th Cir. Case No. 19-2775, Doc. 1. The Seventh Circuit granted Sandoval's application, and Sandoval proceeded to file a § 2255 motion before his trial court – the Central District of Illinois. CM/ECF for 7th Cir. Case No. 19-2775, Doc. 2 (Oct. 15, 2019); CM/ECF for C.D. Ill. Case No. 4:19-cv-4206, Doc. 1. The Central District of Illinois granted Sandoval's § 2255 motion, vacated his conviction for using or carrying a firearm to commit a crime of violence in violation of 18 U.S.C. § 924(c), vacated Sandoval's sentences in the underling criminal case, and scheduled a resentencing hearing for January 22, 2020. CM/ECF for C.D. Ill. Case No. 4:19-cv-4206, Doc. 5; CM/ECF for C.D. Ill. Case No. 4:99-cr-40019, Order Dated Dec. 4, 2019 (scheduling a resentencing hearing in the Central District of Illinois for January 22, 2020).

Because the Central District of Illinois vacated Sandoval's conviction under § 924(c), Sandoval is no longer in custody pursuant to that conviction and the claim in his § 2241 petition

before this court is moot.[2] Accordingly, I recommend that Sandoval's § 2241 petition be DISMISSED AS MOOT.

Dated: January 16, 2020

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

Further, because Sandoval's § 2241 petition is moot, Sandoval's pending motion for leave to supplement his petition (ECF Doc. 3) and motion for judicial notice and to supplement (ECF Doc. 7) must be and hereby are DENIED AS MOOT.

**IT IS SO ORDERED**

Dated: January 16, 2020

Thomas M. Parker
United States Magistrate Judge

---

[2] Respondent, Warden Mark Williams, also asserts that this court lacks subject matter jurisdiction over Sandoval's § 2241 petition because his claim is actually a § 2255 challenge to his conviction and sentence, he did not show he met the requirements of § 2255's savings clause, and Sandoval did not first obtain a Court of Appeals' authorization to file a second or successive § 2255 motion. *See* ECF Doc. 10. It is also unclear whether Sandoval is incarcerated within the Northern District of Ohio. Luckily, this Court need not reach either of those issues, because the mooting of Sandoval's claims also deprives this court of jurisdiction. *See Daily Servs., LLC v. Valentino*, 756 F.3d 893, 898 (6th Cir. 2014) ("A case becomes moot, *depriving federal courts of jurisdiction*, 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" (emphasis added)).